IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:00CR00016 |
| v. | ) | **OPINION** |
| **DAVID GWYNN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for the United States; David Gwynn, Pro Se Defendant.*

The defendant, David Gwynn, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). Gwynn contended that his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e) (West 2000), is no longer valid in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). The United States now waives its statute of limitations defense, and concedes that Gwynn is entitled to be resentenced. I will grant his § 2255 motion accordingly.

Gwynn was convicted of being a felon and an unlawful drug user in possession of a firearm and ammunition, in violation of 18 U.S.C.A. §§ 922(g)(1) and (g)(3) (West 2000) (Count Three), and possessing stolen firearms, in violation of 18 U.S.C. §§ 922(j) and 842(i)(3) (West 2000 & Supp. 2012) (Count Four). At

sentencing in 2000, based on Gwynn's three prior violent felony convictions, I found him subject to the ACCA sentence enhancement. Gwynn's statutory sentencing range on Count Three, which had been zero to ten years imprisonment, increased to a range of fifteen years to life with the application of the enhancement. I sentenced Gwynn to concurrent terms of 200 months on Count Three and 120 months on Count Four. Gwynn's appeal and petition for a writ of certiorari, challenging his convictions and sentences, were unsuccessful. *See United States v. Gwynn*, 18 F. App'x 127 (4th Cir. 2001) (unpublished), *cert. denied*, 534 U.S. 1142 (2002).

The United States concedes that under *Simmons*, Gwynn's ACCA sentence is invalid. In *Simmons*, the Fourth Circuit, sitting en banc, reversed its earlier decision in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), and held that for federal purposes, Simmons did not have a prior drug felony, because under North Carolina's structured sentencing scheme, he had not been subject to a penalty exceeding one year. 649 F.3d at 246-47. Gwynn's ACCA enhancement rested on numerous prior North Carolina convictions for breaking and entering, all of which had sentencing events on March 7, 1996, and March 15, 2000. Under North Carolina law, as to each of these events, Gwynn was subject to a sentencing range of less than one year. Thus, under *Simmons*, these convictions no longer qualify as felonies for purposes of the ACCA enhancement. *Id*. at 246-50.

The United States also concedes that under *Simmons*, Gwynn is no longer guilty of possession of a firearm as a convicted felon, in violation of § 922(g)(1), as charged in Count Three. However, Gwynn was also charged with and pleaded guilty to being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(3). The *Simmons* ruling has no effect on this conviction, and thus, Gwynn is still guilty of a violation of 18 U.S.C. § 922(g). *See United States v. Dunford*, 148 F.3d 385, 388-89 (4th Cir. 1998) (possession of a firearm by a felon and a drug user constitutes a single violation of the statute).

Gwynn's § 2255 motion is untimely filed under the statute of limitations set forth in 28 U.S.C.A. § 2255(f). He did not file his motion within one year of February 19, 2002, when his conviction became final upon the denial of his certiorari petition, *see* § 2255(f)(1), and does not rest his claim on a right recognized and made retroactive by a Supreme Court decision so as to invoke § 2255(f)(3). The United States, however, expressly and deliberately waives its statute of limitations defense under § 2255(f).[1] The United States asserts that, in the interests of justice, Gwynn is entitled to be resentenced in accordance with *Simmons*.

---

[1] The United States' intentional relinquishment of the statute of limitations defense constitutes a waiver that a court may not override. *Wood v. Milyard*, 132 S. Ct. 1826, 1834 (2012).

I find the waiver of the statute of limitations defense and the concession regarding resentencing to be well taken. Therefore, I will grant Gwynn's § 2255 motion under *Simmons* and order that that he be resentenced without application of the ACCA enhancement. I will also order that the Judgment be amended to reflect that Gwynn's conviction on Count Three rests solely on his violation of § 922(g)(3).

A separate Final Order will be entered herewith.

DATED: October 1, 2012

/s/ James P. Jones
United States District Judge